ORIGINAL

# In the United States Court of Federal Claims

No. 16-94
Filed: September 30, 2016

FILED
SEP 3 0 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THEODORE WATKINS a/k/a CHARLES HUNTER a/k/a KHALEEL ABDULLAH, | |
| Plaintiff, *pro se*, | Collateral Estoppel; Res Judicata |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Theodore Watkins**, Highland Park, Michigan, *pro se*.

**Daniel Herzfeld,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

BRADEN, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND.[1]

On April 29, 1976, Theodore Watkins was convicted of assault with intent to murder in the Detroit Recorder's Court ("Michigan State Court").[2] *Watkins II* Compl. at 2. On May 20, 1976, the Michigan State Court sentenced Mr. Watkins to probation for a term of five years. *Watkins II* Compl. at 2. On September 29, 1980, Mr. Watkins pled guilty in the Michigan State Court to

---

[1] The relevant facts were derived from the January 19, 2016 Complaint ("*Watkins II* Compl.") and attached exhibits ("Pl. Ex. 1–3").

[2] On October 1, 1997, the Detroit Recorder's Court merged into the Third Judicial Circuit of Michigan. *See* Mich. Comp. Laws § 600.9931(1) ("The recorder's court of the city of Detroit is abolished and merged with the third judicial circuit of the circuit court[,] effective October 1 1997.").

7012 3460 0001 7791 6985

attempted malicious destruction of personal property. Again, he was sentenced to probation for a term of two years. *Watkins II* Compl. at 2. On December 20, 1981, Mr. Watkins was arrested and arraigned for violating probation and failure to report. *Watkins II* Compl. at 3. He stood silently while the Michigan State Court entered a guilty plea on his behalf on December 22, 1981. Pl. Ex. 3.

On January 6, 1982, the Michigan State Court sentenced Mr. Watkins to a prison term of seven to fifteen years, for violating his first term of probation, and one to two years, for violating his second term of probation. *Watkins II* Compl. at 3. This sentence was later "vacated on jurisdictional grounds," but Mr. Watkins' guilty plea was not set aside. *Watkins II* Compl. at 3.

On April 27, 2015, Mr. Watkins filed a Complaint in the United States Court of Federal Claims, alleging deprivation of procedural protections guaranteed to sovereign nations, because the Government did not follow appropriate procedures to "remove [his] immunity." Complaint, *Watkins v. United States*, No. 1:15-cv-00419 (Fed. Cl., Apr. 27, 2015), ECF No. 1 ("*Watkins I* Compl."). The Complaint also requested injunctive relief, as well as statutory and punitive damages. *See Watkins v. United States*, 2015 WL 4481234, at *1 (Fed. Cl. July 22, 2015) ("*Watkins I*"). On July 22, 2015, the *Watkins I* Complaint was dismissed, because the court had no jurisdiction over the claims alleged. *Id.* at *4–5.

## II. PROCEDURAL HISTORY.

On January 19, 2016, Mr. Watkins ("Plaintiff") filed a second Complaint in the United States Court of Federal Claims, seeking a settlement and closure. *Watkins II* Compl. at 4. The January 19, 2016 Complaint alleged that Plaintiff, as a member of the Newaubian Nation of Moors of the Creek Nation, was deprived of procedural protections guaranteed to sovereign nations, pursuant to 28 U.S.C. § 1604[3] and 22 C.F.R. § 92.12.[4] *Watkins II* Compl. at 3–4. The January 19,

---

[3] Section 1604 of the Foreign Sovereign Immunities Act provides:

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 U.S.C. § 1604.

[4] Section 92.12 of the Code of Federal Regulations provides:

A notarizing officer must execute a written certificate attesting to the performance of a notarial act. This certificate may be inserted on or appended to the notarized document . . . . The certificate evidences the performance of the notarial act. Failure to execute this certificate renders the notarial act legally ineffective. Each notarial act should be evidenced by a separate certificate; two or more distinct notarial acts should not be attested to by one certificate.

22 C.F.R. § 92.12 (internal citation omitted).

2016 Complaint again alleged that the Government did not follow appropriate procedures to "remove [his] immunity." *Watkins II* Compl. at 3. The January 19, 2016 Complaint further alleged procedural violations regarding Plaintiff's December 22, 1981 guilty plea, but did not specify the substantive basis for this allegation. *Watkins II* Compl. 3.

On January 19, 2016, Plaintiff filed an Application To Proceed *In Forma Pauperis* that the court granted on January 29, 2016.

On March 21, 2016, the Government filed a Motion To Dismiss ("Gov't Mot.") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC"). Plaintiff failed to respond.

On May 12, 2016, the court issued an Order, requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute. The court required Plaintiff to file a response no later than June 12, 2016. Plaintiff did not file a Response.

### III. DISCUSSION.

#### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages . . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

The United States Court of Federal Claims reviews *pro se* plaintiffs' pleadings under a standard less stringent than the standard applied to litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Therefore, the court has examined the record "to see if [this *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. And, the court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### C. The Government's July 28, 2016 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that the January 19, 2016 Complaint should be dismissed under the doctrines of *res judicata* and collateral estoppel, because the court previously dismissed identical claims and issues in *Watkins I*. Gov't Mot. at 1.

#### 2. The Plaintiff's Response.

Plaintiff did not file a Response.

#### 3. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a *pro se* document "is to be liberally construed"). Nevertheless, *pro se* plaintiffs must "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).

The *Watkins I* Complaint alleged that Plaintiff, as a member of the Newaubian Nation of Moors of the Creek Nation, was deprived of procedural protections guaranteed to sovereign nations, pursuant to 28 U.S.C. § 1604 and 22 C.F.R. § 92.12. *See Watkins I*, 2015 WL 4481234 at *1. The *Watkins I* Complaint also alleged that the three criminal cases filed against him were improper under 28 U.S.C. §§ 1330–31, and the Government did not follow appropriate procedures to "remove [his] immunity." *Id.* at *1, *4. The *Watkins I* Complaint, however, did not specify which arrests and convictions were procedurally defective. *Id.* at *4. Therefore, the court determined that it did not have subject matter jurisdiction over any claims alleged against any party other than the United States. *Id.* The court also determined that Plaintiff failed to allege a claim against the United States for unjust conviction. *Id.* Finally, the court determined that Sections 1330–31 were not money-mandating. *Id.* Accordingly, the court granted the Government's June 12, 2015 Motion to Dismiss under RCFC 12(b)(1) and 12(b)(6). *Id.* at *5. Plaintiff did not appeal.

The *Watkins I* and *Watkins II* Complaints contain the same allegations word-for-word, except for two differences. The *Watkins I* Complaint references the Court of Federal Claims in the caption, and the *Watkins II* Complaint references the "6th Curcuit [sic] Court of Appeals." *Compare Watkins I* Compl. at 1 *with Watkins II* Compl. at 1. The *Watkins I* Complaint also requests compensation for wrongful incarceration and that the court vacate Plaintiff's criminal plea; the *Watkins II* Complaint states "I am ready for a settlement and closure." *Compare Watkins I* Compl. at 4 *with Watkins II* Compl. at 4.

Claim preclusion, or *res judicata*, as a matter of law, prohibits relitigation of a claim previously decided on the merits. *See Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The party asserting claim preclusion must establish that: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

If a case is dismissed for lack of jurisdiction, however, that decision does not constitute a final judgment on the merits and does not satisfy the requirements of claim preclusion. *See Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1369–70 (Fed. Cir. 2003) (holding that claim preclusion does not apply to dismissals based on lack of standing: because "standing is jurisdictional, lack of standing precludes a ruling on the merits."); *see also Schafer v. Dep't of Interior*, 88 F.3d 981, 990 (Fed. Cir. 1996) ("This is a decision on the merits which, unlike dismissal for want of jurisdiction, has a *res judicata* effect."). Because *Watkins I* was dismissed, in part, for lack of jurisdiction, *res judicata* is not applicable in this case.

Issue preclusion, or collateral estoppel, "bars litigation of an issue if an identical issue was actually litigated and necessarily decided in a prior case where the interests of the party to be precluded were fully represented." *Simmons v. Small Business Admin.*, 475 F.3d 1372, 1374 (Fed. Cir. 2007); *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 480 (Fed. Cir. 1991). The United States Court of Appeals for the Federal Circuit has held that, issue preclusion is applicable if:

> (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action.

*Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003).

Issue preclusion generally bars relitigation of jurisdictional determinations. *See Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1981); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("It has long been the rule that principles of [finality] apply to jurisdictional determinations—both subject matter and personal."). But, dismissal for lack of jurisdiction does not have preclusive effect when, after the initial dismissal, the plaintiff cures the jurisdictional deficiency. *See New Jersey Institute of Tech. v. Medjet, Inc.*, 47 Fed. App'x. 921, 925 (Fed. Cir. 2002) (citing RCFC 41(b) in holding that "a dismissal for lack of jurisdiction does not preclude a second action based on the same cause of action that includes claims that overcome the initial defect of jurisdiction"). When the jurisdictional deficiency, however, is not corrected, "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not

5

. . . reopen that question in a collateral attack upon adverse judgment." *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 n.9.

The claims in the *Watkins II* Complaint are alleged against the State of Michigan, the Third Judicial Circuit of Michigan, and/or private individuals or members of the state judiciary fall outside the subject matter jurisdiction of the court. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The United States Court of Federal Claims] is without jurisdiction of any suit brought against private parties."); *see also Fullard v. United States*, 78 Fed. Cl. 294, 301 (2007) ("[T]he United States Court of Federal Claims does not have jurisdiction to [adjudicate] claims against states or state officials."). In any event, the court previously determined that the United States Court of Federal Claims does not have jurisdiction to adjudicate the substantive claims alleged in *Watkins I*. *See Watkins I*, 2015 WL 4481234, at *4–5.

### IV. CONCLUSION.

For these reasons, the Government's March 21, 2016 Motion To Dismiss is **granted**, pursuant to RCFC 12(b)(1)[5] and RCFC 12(b)(6).[6] The Clerk is directed to dismiss the January 19, 2016 Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**

---

[5] A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [RCFC] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction [.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

[6] Issue preclusion is an affirmative defense. *Caldera v. Northrop Worldwide Aircraft Servs.*, 192 F.3d 962, 970 (Fed. Cir. 1999). A complaint may be dismissed on a RCFC 12(b)(6) motion "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy." *See* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 708 (2008 ed.).